# Wurtz *against* Musselman.

The court having refused to relieve the defendant on a bail bond suit, he cannot avail himself of the facts submitted on such application, as a defence to the action, under the plea of payment with leave, &c.

The only direct defence to such an action is performance of the condition, which, however, may be enlarged, pursuant to the statute 4 *Anne, c.* 16.

ERROR to the District Court of *Lancaster* county.

Debt on bail bond, by Wurtz, Musgrave & Wurtz against Henry Mussselman, Jun., and Abraham Hackman.

On the 27th of December 1834, a rule was granted, at the instance of the defendants, to show cause why all further proceedings should not be stayed, and suit discharged, on payment of costs of suit, entering special bail in the original suit, and confessing judgment as of December term 1834.

The facts upon which this rule was granted were the same as those offered in evidence, and hereafter stated, as a defence to the action. The court refused the motion.

November 25th, 1825. Jenkins appeared for defendants, and agreed to confess judgment against Henry Musselman, in the original suit, to June term 1834, No. 27, as of September term 1834, and also in this suit to confess judgment against the defendants, for

[Wurtz v. Musselman.]

costs—and, *inter alia,* pleads payment with leave to give the special matters in evidence, &c.

Frazer, plaintiffs' attorney, objects to the entry of judgment in the original suit, to June term 1834, No. 27, as of September term 1834, and also to the entry of judgment in this suit against the defendants, for the costs as above proposed by defendants' attorney, so far as the same may affect or bar the right of the plaintiffs to hold both defendants liable, in this suit, for the amount to be recovered in the said original suit; and to defendants' plea of payment, &c., replies non solvit, issue and rule for trial.

The plaintiffs having read to the jury the bail bond, the defendants offered the following evidence.

The original suit brought against Musselman, March the 3d, 1834, to June term 1834, No. 27, and the bail bond given by the defendants the same day to the sheriff, in the penalty of 1600 dollars, to answer, &c., assigned by D. Miller, sheriff, to plaintiffs, on the 10th day of November 1834, sued out the 12th day of December 1834, against the defendants, to February term 1835, No. 8, and the motion made therein on the 27th December 1834. Also, the bond given by Henry Musselman, Jun., on the 12th day of March 1834, to the Columbia Bridge Company, with William Cooper as surety, and a similar bond given on the same day to Paisely, Simms & Co., merchants, in the sum of 309 dollars, for relief under the insolvent laws. The petition of Henry Musselman, Jun., for the benefit of the insolvent laws, presented the 24th day of April 1834, appointing the 23d of June 1834 for hearing. That a child of Henry Musselman died the day before, (the 22d of June 1834,) and hearing continued until Monday, the 6th day of October following, when it was further continued, on account of the absence of Judge Franklin, at York, holding court, until the 22d day of December 1834, when it was further continued on account of the sickness of Judge Franklin, until the 4th Monday in March 1835, (the 23d of March) when petitioner was heard, opposed, and examined by John R. Montgomery, Benjamin Champneys and Reah Frazer, Esq'rs., on behalf of the creditors—and petitioner's examination and discharge on said day; (the 23d of March 1835,) also, the deed of trust from Henry Musselman to George M. Bowman, dated the 3d day of February 1834, and recorded on the 10th, and annexed to the petition; and the inventory and the bond, pursuant thereto, filed on the 4th of March 1834. To which offer of testimony the counsel of plaintiffs did object, and the court sustained the objection and overruled the testimony thus offered. To which opinion of the court, the counsel of the defendants excepted.

*Jenkins,* for plaintiff in error, cited Priestman *v.* Keyser, 4 *Binn.* 344; Union Bank of New York *v.* Kraft, 2 *Serg. & Rawle,* 284.

*R. Frazer,* contra, was stopped by the court.

[Wurtz v. Musselman.]

Per Curiam.—The only direct defence that can be made to an action on a bail bond, is performance of the condition, which may, however, be enlarged pursuant to the statute 4 *Anne, c.* 16, which empowers the court to give relief by a rule "in the nature of a defeasance." For any thing beyond relief is obtained but by an application to the discretion of the court to stay proceedings in the bail bond suit, on restoring to the plaintiff the advantages he lost by want of an appearance at the proper day. Such an application was, in fact, made and rejected, because the plaintiff had lost a term; and the matter which was the groundwork of it, is now pressed on us as competent evidence, under the incomprehensible plea of payment with leave to give the special matter in evidence. It is scarcely necessary to say that neither the plea, nor the evidence to sustain it, was available.

Judgment affirmed.